{¶ 15} I respectfully dissent from the majority's opinion and would instead affirm the trial court's granting summary judgment to The Cuyahoga County Agricultural Society because, in my opinion, appellant failed to put forth any evidence showing a breach of duty. Specifically, appellant presented no evidence to show when the screw came loose, what caused the screw to come loose, or that appellee knew, or had reason to know, that the screw came loose. Additionally, the record is void of any expert testimony regarding appellee's alleged negligence. See Norris v.Mansfield Business College (Jan. 26, 1994), Summit App. No. 15841 (holding that "no evidence was presented that Mansfield had any knowledge of the defect with the chair. Norris has failed to persuade us that a genuine issue of fact exists as to at least one essential element of her case. Where a nonmoving party fails to establish *Page 8 
an essential element of the case, the moving party is entitled to summary judgment"); Bohland v. Carrols Corp., Richland App. No. 01CA35, 2001-Ohio-1963 (holding that "[e]vidence of the length of time the hazard existed is necessary to support an inference an owner had constructive notice"). *Page 1